**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| PAR PHARMACEUTICAL, INC., | ) | |
| PAR STERILE PRODUCTS, LLC and | ) | |
| ENDO PAR INNOVATION COMPANY, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 23-00358-GBW |
| | ) | |
| v. | ) | |
| | ) | |
| BAXTER HEALTHCARE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PROTECTIVE ORDER

WHEREAS the Parties agree that the nature of this case will require them to seek and produce documents and information, and elicit deposition testimony, the disclosure of which poses a substantial risk of harm to the Producing Party's legitimate proprietary interests;

WHEREAS the Parties agree that a protective order is necessary to minimize the harm flowing from the disclosure of sensitive information; and

WHEREAS the Parties agree to the terms of this Order to protect their confidential documents, things and information;

IT IS HEREBY ORDERED THAT the Parties and any non-party subject to discovery in this action are bound by the terms of this Protective Order governing the production of Confidential Information in this action.

1.       **Scope of Protective Order:** This Protective Order applies to all Discovery Materials produced by a Producing Party in connection with this action. A Receiving Party may use Confidential Information disclosed or produced by another Party or by a Non-Party only for prosecuting, defending, or attempting to settle this case. Such Confidential Information may be

disclosed only to the categories of persons and under the conditions described in this Order. In addition, this Protective Order allows for the filing of documents with the Court under seal, subject to any applicable Local Court Rule or CM/ECF procedure, if such documents contain Confidential Information. This Protective Order shall apply regardless of whether such information was produced prior to or after entry of this Protective Order.

2.    **Definitions:**

a.    **"Confidential Information"** means any confidential, proprietary, or commercially sensitive information, including confidential, proprietary or sensitive design, development, technical,  manufacturing information, or highly sensitive financial and economic information, including financial planning, financial performance, market plans, business plans, competitive strategies, or business relationships, as well as any information which is not generally known and which the Producing Party would not normally reveal to third parties or would cause third parties to maintain in confidence and/or which the Producing Party reasonably and in good faith believes is of the type protectable under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure or is required to be kept Confidential by law or by agreement with a third party or otherwise. "Confidential Information" shall not include: (i) materials that show on their face that they have been disseminated to the public; or (ii) information that the Producing or Designating Party agrees, or the Court rules (a) is already public knowledge, (b) has become public knowledge other than as a result of disclosure by the Receiving Party, its employees or agents in violation of this Protective Order, or (c) has come into the Receiving Party's legitimate knowledge or possession independently of the Producing Party under conditions such that its use and/or public disclosure by the Receiving Party would not violate any obligation to the Producing Party. Any summary, compilation, notes, memoranda, analysis or copy containing

Confidential Information and any electronic image or database containing Confidential Information shall be considered Confidential Information to the same extent as the material or information from which such summary, compilation, notes, copy, memoranda, analysis, electronic image, or database is derived. As stated in Paragraph 6, access to "Confidential Information" is limited to the persons defined in Paragraphs 2(l)(i)-(vi).

   b. **"Designating Party"** means any Party or Person who designates Discovery Material as "Confidential."

   c. **"Designated Materials"** means Discovery Material designated in accordance with Paragraph 4 of this Protective Order.

   d. **"Discovery Material"** means any documents, tangible or intangible information, or things (including, without limitation, any writings, video or audio tapes, text or application messages, computer-generated or recorded information in any form, metadata, materials, oral or written testimony, document requests, responses to document requests, and other responses to requests for information or any tangible thing) produced or disclosed by a Party or Non-Party in this Action.

   e. **"Non-Party"** means any natural person, partnership, corporation, association, or other legal entity not named as a Party in the above-captioned action.

   f. **"Outside Counsel"** means litigation counsel of record for the Parties, including associated personnel necessary to assist outside counsel in this action, such as legal assistants, paralegals, secretarial, stenographic, information technology and clerical employees actually assisting such counsel; outside vendors that scan, code and/or produce documents at such counsel's request; translation services; computer services; and trial consultants, their

employees, and independent contractors hired to assist them, other than those persons described in paragraph 2(l)(iii) below.

g.    **"Parties" or "Party"** mean the following plaintiffs and or defendants in this civil action: Par Pharmaceutical, Inc., Par Sterile Products, LLC, Endo Par Innovation Company, LLC, and Baxter Healthcare Corporation, and any other parties that may hereafter be named as additional plaintiffs or defendants in this action.

h.    **"Person"** means any natural person or any business, legal or governmental entity or association.

i.    **"Producing Party"** means any Party or Person who produces or discloses any Discovery Material.

j.    **"Qualified Person"** means:

    i.    Outside Counsel;

    ii.    up to three (3) in-house counsel or non-attorney employees of a Party (the non-attorney employees must be members of the in-house patent or intellectual property department who assist in-house attorneys and are not responsible for product development or manufacturing) responsible for managing this litigation as reasonably necessary to the litigation of this action, who are specifically identified in Paragraph 8(b) herein or are later identified in accordance with the terms of the Protective Order, and who agree to be bound by the terms of the Protective Order by signing the attached Undertaking, and paralegals or secretaries who support such in-house counsel;

iii.   outside independent experts and consultants of the Parties who are assisting Outside Counsel in this action and any necessary assistants and stenographic and clerical employees under their direct supervision and employed by them or their employer or organization, provided that any applicable requirements of Paragraph 8(a) below are satisfied;

iv.   any mediators agreed upon by the Parties, including regularly employed support personnel of the mediator (such as administrative assistants, secretaries, clerical and administrative staff) as necessarily incident to the mediation process;

v.   the Court, its personnel, jurors and alternate jurors, and court reporters, stenographers and videographers transcribing or recording testimony at depositions, hearings or trial in this Action; and

vi.   any other person with prior written consent of the Producing Party.

k.   **"Receiving Party"** means any Person to whom Confidential Information is disclosed in this action.

l.   **"This Action"** means the above-captioned action.

m.   **"This Court"** means the United States District Court for the District of Delaware.

3.   **Bar:** Qualified Persons authorized to receive Confidential Information shall have no current involvement and shall not have involvement for no less than one year after the final conclusion of this litigation, including all appeals, in any of the following activities: the

prosecution of any patent or patent application concerning vasopressin (it being understood that Qualified Persons may disclose art for use in prosecution and may participate in post-grant review proceedings, including *inter partes* reviews (IPRs), post-grant reviews (PGRs), reexaminations, or reissues, except that no Qualified Person shall be involved directly or indirectly in seeking amendment of the claims in any such post-grant review proceedings).

      **4.**     **Designation of Confidential Information:**

      a.     Discovery Material, or any relevant portion of any letter, brief, motion, affidavit, discovery response, discovery request, or other pleading, may be designated by any Producing Party as "Confidential," provided the material meets the definitions thereof provided herein.

      b.     Such designations shall be made or supervised by an attorney and shall be based on a good faith belief that Discovery Material so designated is entitled to protection under the terms of this Protective Order. Any information supplied in documentary or other tangible form may be designated by the Producing Party, or other Person claiming that the information is Confidential, by placing or affixing on each page of such Document, or on the face of such thing, the legend "CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER." Information, documents, articles and things previously produced under protective orders in other cases that bear appropriate confidentiality markings from such other cases, need not be stamped again; such material stamped "Confidential Information" produced in this litigation will be treated as Confidential Information, in accordance with the terms of this Protective Order.

      c.     Confidential Testimony: Testimony obtained from a deposition or hearing may be designated "CONFIDENTIAL" when appropriate, either on the record at the deposition or hearing or by letter or by email to all counsel of record and the reporter within twenty (20)

days after receipt of the final (i.e., not "draft" or "rough") transcript. Subject to any requirements of the Court, the reporter for any deposition or hearing shall affix a mark of "CONFIDENTIAL" to pages that contain testimony designated as such. All such transcripts shall be treated as Confidential until designated otherwise or until the time to so designate has expired as set forth in this provision, whichever is later.

5.     **Publicly Available Material:** Discovery Material that has been produced to or prepared by or for, any government agency that is available to the public, either by the Freedom of Information Act or any other federal or state law, and Discovery Material which is otherwise available to the public from any source, should not be designated as "Confidential." If a Party receives material designated "Confidential" that the Party believes falls under this Paragraph, the Party may challenge the designation and request relief from the Court, after conferring in good faith with Outside Counsel for the Producing Party. If the Party seeks relief from the Court, until the Court rules on the requested relief, the Discovery Material shall be treated as "Confidential," as the case may be. The Party or Person claiming that the material is "Confidential" bears the burden of establishing the confidentiality of the so-designated materials.

6.     **Nondisclosure of Confidential Information:** Except with the prior written consent of the Party or Person originally designating Discovery Material as "Confidential" or as provided in this Protective Order, no Confidential Information may be disclosed to any Party or Person, other than a Qualified Person. No Confidential Information may be disclosed to any Person engaged in the activities set forth in Paragraph 3, except as set forth therein.

7.     **Disclosure of Confidential Information:** Any information designated as "Confidential" shall be maintained in confidence by any Receiving Party and may be disclosed to Qualified Persons only as permitted under the terms of this Protective Order. Prior to any

disclosure to Qualified Persons in categories 2(l)(ii) or (iii) above, the relevant requirements of Paragraph 8 below shall be satisfied, including that each such Qualified Person shall read this Protective Order and sign the Undertaking attached hereto. The Party that has retained, or disclosed Confidential Information to, the Qualified Persons shall retain a copy of the executed Undertaking(s) until the final resolution of this action.

8. **Disclosure of Confidential Information to Experts, Consultants, and In-House Counsel:**

a. **Independent Experts and Consultants**. The following applies for each independent expert and consultant, including non-testifying experts and consultants, described in Paragraph 2(l)(iii) above to whom Confidential Information is to be disclosed in any way:

i. Such expert or consultant shall first read this Protective Order and sign the Undertaking attached hereto.

ii. At least five business days (5) days prior to the Receiving Party disclosing Confidential Information to any expert or consultant, the Receiving Party shall deliver (by electronic mail) to all other Parties (1) a copy of the signed Undertaking; (2) a resume or curriculum vitae; and (3) to the extent not provided for in the resume or curriculum vitae, the person's (a) name, (b) residence and office addresses, (c) present employer, job title, and job description, (d) a list of cases in which the person has testified in the last 4 years (including by declaration, report, or at trial or deposition), (e) all publications within the last ten (10) years; and

(f) any prior or current employments or consultancies for any party within the last five (5) years.

iii. If a Party has a good faith basis for believing it would be harmed by the proposed disclosure, the Party shall object to such disclosure within five (5) business days after service of the information called for in Paragraph 8(a)(ii). Objections must be in writing and state with particularity the basis for the objection.

iv. In the event of such an objection, the Parties shall meet and confer within three (3) business days to attempt to resolve the concerns giving rise to the objection. If the parties are unable to reach an agreement regarding such disclosure, the Party objecting to disclosure may, within five (5) business days of the meet and confer, request that the Court issue an order barring such disclosure. The objecting Party shall have the burden of showing why that person should not have access to Confidential Information. Pending resolution of any such motion or application, no disclosure of Confidential Information shall be made to that person. The filing and pendency of such motion shall not limit, delay or defer any disclosures of Confidential Information to persons as to whom no such objection has been made.

b.     **Designated In-House Personnel.** The following applies for each in-house counsel or non-attorney personnel (collectively, "in-house personnel") designated under the terms of this Order:

i.        Subject to the requirements set forth herein, the in-house personnel described in Paragraphs 2(l)(ii) above who may have access to Confidential Information in accord with the provisions of this Protective Order are:

    1.    For Plaintiffs - In House Personnel:

        a.    Matthew Maletta

        b.    Gina Gencarelli

    2.    For Baxter - In House Personnel:

        a.    Myoka Goodin

        b.    Joe Reagen

ii.        Prior to any Confidential Information being provided to any in-house personnel identified above, each such person shall read this Protective Order and sign the Undertaking attached hereto. The Party seeking disclosure of the Information shall deliver (by electronic mail) a copy of the executed Undertaking to each Party.

iii.        In the event that any of the in-house personnel identified above no longer serves as a designated in-house personnel in this action, the designating Party may select a replacement person to view Confidential Information of the Producing Party. The new in-house personnel shall execute an Undertaking as required herein, and shall otherwise comply with all terms of this Protective Order, and the Party seeking disclosure to such person shall deliver (by electronic mail) a copy of the executed Undertaking to each Party.

10

iv.      If a Party has a good faith basis for believing it would be harmed by the proposed disclosure, the Party shall be entitled to object to such disclosure within five (5) business days after service of the Undertaking. Objections must be in writing and state with particularity the basis for the objection.

v.      In the event of such an objection to disclosure of Confidential Information to a replacement in-house personnel, the Parties shall meet and confer within three (3) business days to attempt to resolve the concerns giving rise to the objection. If the parties are unable to reach an agreement regarding such disclosure, the Party objecting to disclosure may, within five (5) business days of the meet and confer, request that the Court issue an order barring such disclosure. The objecting Party shall have the burden of showing why that person should not have access to Confidential Information. Pending resolution of any such motion or application, no disclosure of Confidential Information shall made to that person. The filing and pendency of such motion shall not limit, delay, or defer any disclosures of Confidential Information to persons as to whom no such objection has been made.

**9.    Use of Designated Materials:**

a.      Subject to Paragraph 16 below, Confidential Information shall be used by the Receiving Party solely for the purposes of preparation for trial, pretrial proceedings, and trial of actions and proceedings in this action, and not for any business, commercial, regulatory,

competitive, personal, or other purpose or any other action, including without limitation that Confidential Information disclosed in this litigation shall not be used in: (i) any other action, including lawsuits against FDA; (ii) the prosecution of any patent or patent application, including reexaminations, reissues, and seeking claim amendments in any post-grant review proceedings (IPRs and PGRs); (iii) the preparation or submission of any United States FDA documents (including but not limited to Citizen Petitions), or any similar documents in any foreign country; (iv) and marketing, financial, pricing, or other business competitive decision-making (not including settlement or other decision-making in the litigation); and (v) preparing submissions to the *U.S. Pharmacopeia* or *European Pharmacopeia*.

      b.      Confidential Information may be disclosed by a Receiving Party during a deposition at the depositions of the following:

      i.      The present directors, officers, employees, agents or Rule 30(b)(6) designees of the Producing Party;

      ii.      An author, addressee, or other person indicated as a lawful recipient of a document containing the information;

      iii.      A person not within subparagraphs 9(b)(i)-(ii) above who is clearly identified in prior discovery or by the deponent in his or her deposition as an author or recipient of the information (without prior disclosure of the Confidential Information);

      iv.      An independent advisor, consultant, expert or other Qualified Person entitled under this Protective Order to receive such information;

v.   Any person for whom prior authorization is obtained from the Producing Party or the Court; or

vi.   Individuals who have been identified through discovery (including document production, written discovery or deposition testimony) as having knowledge of the particular Confidential Information, even if the individual is not identified as an actual author or recipient on the face of the document at issue.

c.   During depositions of any Party or non-party, a Party or non-party claiming that information that is to be disclosed or upon which questions may be based is Confidential Information may exclude from the room for that portion of the deposition any person who is not permitted to access such Confidential Information under the terms of this Protective Order.

**10.   No Waiver of Protection:**

a.   In the event any document is produced that the Producing Party later claims is protected by the attorney-client privilege, work-product doctrine, or other privilege or immunity, the Receiving Party shall, as soon as possible but not later than within five (5) business days of receipt of a written request by the Producing Party, return the original to the Producing Party (or at the option of the Receiving Party destroy the original with written verification provided to Outside Counsel for the Producing Party), destroy or delete all copies thereof, as well as all notes, memoranda or other documents that summarize, discuss or quote the document, and delete any copy of the document, or any portion thereof, from any word processing or database tape or disk it maintains. Upon receiving notice of inadvertent production, the Receiving Party(ies) shall not make any use of such document or thing or disseminate the

13

same in any way. The unintentional or inadvertent production of privileged, work-product-protected or otherwise immune documents in the course of discovery in this action shall not constitute a waiver of any privilege, work-product-protection or immunity, either as to the produced document or as to any other documents or communications embracing the same or similar subject matter provided that the Producing Party notifies the Receiving Party in writing of such unintentional or inadvertent production by the earlier of: seven (7) days after the date the unintentional or inadvertent production is discovered; or seven (7) days after the date the information is used at a deposition, included or cited in a court filing, or included in contentions or expert discovery exchanged between the parties. Return of a document for which the Producing Party has asserted a claim of privilege, work-product-protection or immunity under this paragraph shall be without prejudice to the Receiving Party's right to seek an order from the Court directing production of the document on the ground that the claimed privilege, work-product-protection or immunity is invalid, inapplicable or waived, provided, however, that any motion or other application for such order shall not rely upon in any manner or assert as a ground the fact or circumstances of the unintentional or inadvertent production, nor shall it disclose the substance of the inadvertently produced material except to the extent that an *in camera* inspection of the materials is requested. The Producing Party shall be required to promptly notify the Receiving Party of discovery of any inadvertently produced privileged documents upon discovery of the inadvertent production.

      i.   If the Receiving Party wishes to contest that any such document or thing was inadvertently produced or is protected by the attorney-client privilege or by work-product immunity, the Receiving Party shall so notify the

Producing Party in writing on or before the date when the document or thing is due to be destroyed or returned to the Producing Party.

1. Within five (5) business days after receiving such notification, the Producing Party shall provide to the Receiving Party for each such document or thing a description consistent with Fed. R. Civ. P. 26(b)(5)(A)(ii) of the basis for the claim of privilege or immunity.

2. Within five (5) business days after the Receiving Party receives such description from the Producing Party, the parties will meet and confer in good faith, and, failing resolution, the parties may present the dispute to the Court in accordance with ¶ 8(g) of the Scheduling Order in this Action. If the dispute is presented to the Court, the Producing Party shall have the burden of proving that the documents and things in dispute are protected by the attorney-client privilege or by work-product immunity. Pending the Court's ruling, the party challenging the assertion shall continue to treat the documents and things in dispute in accordance with Fed. R. Civ. P. 26(b)(5)(B).

b.     Nothing herein shall prevent the Receiving Party from preparing and keeping a record containing the date, author, email address(es), and such other metadata as is reasonably necessary to identify a document or communication a Producing Party later claims is protected by the attorney-client privilege, work-product doctrine, or other privilege or immunity in order to file a motion to compel production of the information. Such a record may not be used for any purpose other than the preparation and filing of a motion to compel. After the return or

destruction such a document or communication, the Receiving Party may challenge the Producing Party's claim(s) of privilege or immunity by making an application to the Court.

        c.      Unintentional or inadvertent failure to designate any information as "Confidential" pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, provided that the Producing Party notifies the Receiving Party in writing of such unintentional or inadvertent failure to designate by the earlier of: seven (7) days after the date the unintentional or inadvertent production is discovered; or seven (7) days after the date the information is used at a deposition, included or cited in a court filing, or included in contentions or expert discovery exchanged between the parties. In the event of an unintentional or inadvertent failure to designate any information, arrangements shall be made for the return to the Producing Party, or the destruction or deletion of, all copies of the unintentionally or inadvertently undesignated information and for the substitution, where appropriate, of properly labeled copies.

        d.      Review of Confidential Information as permitted in this Protective Order in connection with this action shall not waive the confidentiality of the information or objections to production. The inadvertent, unintentional, or *in camera* disclosure of Confidential Information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any Party's claims of confidentiality.

        e.      Should any Confidential Information be disclosed to any person not entitled to receive the same hereunder, the information shall not lose its protected status through such disclosure, and the parties shall exercise their best efforts and take all steps reasonably required to protect its confidentiality after such inadvertent disclosure. If Confidential Information is disclosed to any person other than in the manner authorized by this Protective

Order, the party responsible for the disclosure shall within five (5) calendar days of learning of such disclosure inform the Producing Party of the inadvertent disclosure. As soon as possible thereafter, the parties shall also use reasonable efforts to obtain the prompt return of any such Confidential Information and obtain a signed Undertaking in the form of Exhibit A attached hereto from each unauthorized person or party who received Confidential Information. Nothing herein shall prevent the Producing Party from applying to the Court for further or additional relief.

11.     **Privilege Logs:** Documents or communications created or taking place on or after March 29, 2023, if subject to a claim of attorney-client privilege, work product protection, or any other privilege or immunity, need not be included on a privilege log.

12.     **Redactions:** Documents and things produced or made available for inspection may be subject to redaction, in good faith by the Producing Party, of (i) information that relates to drug products that do not contain vasopressin and is not otherwise relevant to this action or reasonably likely to lead to the discovery of admissible evidence in this litigation, (ii) confidential personally identifiable information (e.g., social security numbers, patient names, dates of birth), or (iii) information that is subject to the attorney-client privilege or to the work-product immunity. Each such redaction, regardless of size, shall be clearly labeled. All documents redacted for privilege shall be listed on a redaction log stating the basis for such redaction. This Paragraph shall not be construed as a waiver of any Party's right to seek disclosure of redacted information.

13.     **Filing:** All documents including pleadings, motions and other papers containing Confidential Information shall be filed with the Court under seal in accordance with the Court's Local Rules and CM/ECF procedures.

14. **Challenges to Confidentiality Designations and Requests to Disclose Confidential Information to Non-Parties:** If the Receiving Party desires to disclose Confidential Information to someone other than a Qualified Person above, or if the Receiving Party disagrees with the confidentiality designation by the Producing Party, then the Receiving Party shall so notify, in writing, Outside Counsel for the Person or Party asserting the confidentiality of the information. Outside Counsel for the Person or Party asserting the confidentiality of the information and the Receiving Party shall first try to resolve such dispute within five (5) business days after receipt of the Receiving Party's notice. If the dispute cannot be resolved, the Receiving Party, upon no fewer than three (3) business days from providing written notice to the Person or Party asserting the confidentiality, may seek a ruling from the Court that the information is improperly designated or that such disclosure should take place because the interest of the Person or Party asserting the confidentiality in limiting the dissemination of the information is outweighed by the need for such disclosure. Pending a determination by the Court, such information shall be treated as Confidential Information as designated by the Person or Party asserting the confidentiality claim. All Confidential Information is entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary or a contrary determination is made by the Court.

15. **Preservation of the Right to Challenge Confidentiality Designation:** No party shall be obligated to challenge the propriety of a confidentiality designation, and a failure to do so shall not preclude a subsequent challenge to the propriety of such designation. This Protective Order shall be without prejudice to the right of any Party or other subscriber to this Protective Order (a) to bring before the Court at any time the question of whether any particular document

or information is Confidential Information or whether its use otherwise should be restricted or (b) to present a motion to the Court under Fed. R. Civ. P. 26(c), for a separate protective order as to any such particular document or information, including restrictions differing from those specified herein.

**16.    Other Proceedings:**

a.    By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any Person or Party subject to this Protective Order who becomes subject to a motion to disclose another Party's information designated as "Confidential" pursuant to this Protective Order shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.

b.    In the event any Receiving Party having possession, custody, or control of any Confidential Information received from a non-party to this action a subpoena or other process or order or discovery request to produce such information in another, unrelated legal proceeding, such party (i) shall notify counsel for the Designating Party of the subpoena or other process or order or discovery request, and (ii) shall not produce or disclose the information until the Designating party has had reasonable time (at least fourteen (14) calendar days, unless the deadline to respond to the subpoena or other process or order or discovery request is earlier) to object or take other appropriate steps to protect the information. The Designating Party shall have the burden of defending against such subpoena or other process, order, or discovery demand.

17.     **Client Consultation:** Nothing in this Protective Order shall prevent or otherwise restrict Outside Counsel or designated in-house counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of Confidential Information produced in discovery in this action; *provided, however,* that in rendering such advice and otherwise communicating with such clients, Outside Counsel or designated in-house counsel shall not make specific disclosure of any item so designated except as permitted herein.

18.     **Modification Permitted:** Nothing in this Protective Order shall prevent any Party or other Person from seeking modification of this Protective Order, from objecting to discovery that it believes to be otherwise improper, from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing among themselves to modify or vacate this Protective Order, subject to the approval of the Court. The Court retains jurisdiction even after termination of this action to enforce this Protective Order and to make such amendments, modifications, deletions and additions to this Protective Order as the Court may from time to time deem appropriate.

19.     **Responsibility of Attorneys:** The attorneys of record for each respective party are responsible for employing reasonable measures, consistent with this Protective Order, to control duplication of, access to, and distribution of copies of Confidential Information received by them.

20.     **Purpose Is to Facilitate the Exchange of Information:** This Protective Order is entered solely for the purpose of facilitating the exchange of information between the Parties to this action without involving the Court unnecessarily in this process. Nothing in this Protective Order, nor the production of any documents or disclosure of any information pursuant to this Protective Order, shall be deemed to have the effect of (a) an admission or waiver, including

20

waiver under the Federal Rules of Evidence or applicable Local Rules, by any Party or other subscriber to this Protective Order; (b) altering the confidentiality of any such information; or (c) altering any existing obligation of any party or other subscriber, or the absence of such obligation.

21.     **Termination of the Litigation:** Within 90 days after the final conclusion of this litigation, including all appeals, all Discovery Materials designated as "Confidential," and all copies of the same, shall be returned to the Producing Party or, at the option of the Receiving Party, destroyed. This includes all notes, memoranda or other documents that summarize, discuss or quote materials or information produced and designated as "Confidential," except that, with respect to word processing and database tapes and disks, the Receiving Party shall destroy or erase such tapes or disks to the extent practicable. Outside Counsel for each Party shall be entitled to retain copies of all filings, their work product, any transcripts of depositions, hearings or trial testimony in this action, expert reports, written discovery or discovery responses, as well as documents that have been marked as exhibits to a deposition and documents included on trial exhibit lists and that contain or refer to information designated as "Confidential" provided that all such documents shall remain subject to this Protective Order. Outside Counsel of record shall make certification of compliance herewith and shall deliver the same to Outside Counsel for the party that produced the documents not more than 120 days after conclusion of this litigation, including all appeals.

22.     **Return or Destruction of HIPAA Information:** Notwithstanding the foregoing, a Receiving Party may not retain an archival copy of any documents for which the Producing Party has notified the Receiving Party that such documents contain information protected by the Health Insurance Portability and Accountability Act ("HIPAA"). Accordingly, within thirty (30)

days after final termination of this Action, including any appeals, a Producing Party shall identify

all exhibits containing information protected by HIPAA that are contained within deposition

transcripts, deposition exhibits, Court transcripts, Court exhibits and other submissions to the

Court. Within thirty (30) calendar days of receipt of such identification, the Receiving Party shall

either return to outside counsel for the Producing Party or destroy such exhibits and certify in

writing to outside counsel for the Producing Party.

23.     **No Limitations on Party's Use of its Own Information:** This Protective Order

shall not limit a Producing Party's use of its own Confidential Information.

24.     **Third Parties:** If a third party provides Discovery Materials to any Party, such

third party may adopt the terms of this Protective Order with regard to the production of any

Confidential Information by executing a Notice of Election to Adopt Protective Order ("Notice

of Election") in the form attached hereto. In the event of such election, the provisions of this

Protective Order shall apply to such Discovery Materials as if such Discovery Materials were

being provided by a Party to this litigation. Under such circumstances, the third party shall have

the same rights and obligations under this Protective Order as held by the Parties to this

litigation.

25.     **Information Not Covered by this Protective Order:** The restrictions set forth in

this Protective Order will not apply to Confidential Information that is in the possession of or

otherwise known to the Receiving Party or the public before the date of its transmission to the

Receiving Party, or which comes into the lawful possession of or becomes known to the

Receiving Party or comes into the possession of or otherwise becomes known to the public after

the date of its transmission to the Receiving Party, provided that, as shown in written records,

such information does not become publicly known by any act or omissions of the Receiving

Party which would be in violation of this Protective Order or otherwise violate any confidentiality obligation owed to a Party.

26.     **Protective Order Remains in Force:** This Protective Order shall remain in force and effect until modified, superseded, or terminated by consent of the Parties or by order of the Court made upon reasonable written notice. Unless otherwise ordered, or agreed upon by the Parties, this Protective Order shall survive and remain in full force and effect after termination of this action. Neither the termination of this lawsuit nor the termination of employment of any person with access to any Confidential Information shall relieve such person from the obligation of maintaining the confidentiality of such information.

27.     **Pending Entry by the Court:** Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

28.     **Prior Production:** To the extent that the parties have produced documents prior to the entry of this Protective Order under D. Del. LR 26.2, those documents will be treated as having been produced marked "CONFIDENTIAL" within the scope of this Protective Order, unless specifically indicated otherwise

The undersigned counsel of record stipulate that the Court should enter the above Protective Order as an order of the Court, and further stipulate that the Protective Order shall constitute a binding contract among the Parties and their counsel.

**AGREED AND STIPULATED TO:**

Dated: September 13, 2023

By: */s/ Philip A. Rovner*
Philip A. Rovner (#3215)
Jonathan A. Choa (#5319)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com
jchoa@potteranderson.com

*Of Counsel*:

Paul J. Molino
Kevin Warner
Katie A. Boda
Greg L. Goldblatt
ROKOCZY MOLINO MAZZOCHI SIWIK LLP
6 W. Hubbard Street, Suite 500
Chicago, IL 60654
paul@rmmslegal.com
kwarner@rmmslegal.com
kboda@rmmslegal.com
ggoldblatt@rmmslegal.com

*Counsel for Defendants*
*Baxter Healthcare Corporation*

*/s/ Kaan Ekiner*
Kaan Ekiner (#5607)
COZEN O'CONNOR
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
(302) 295-2046
kekiner@cozen.com

*Of Counsel*:

COZEN O'CONNOR

W. Blake Coblentz
Aaron S. Lukas
Kerry B. McTigue
1200 19th Street, N.W.
Washington, DC 20036
wcoblentz@cozen.com
alukas@cozen.com
kmctigue@cozen.com

Keri L. Schaubert
3 WTC, 175 Greenwich Street, 55th Floor
New York, NY 10007
kschaubert@cozen.com

Madison McNulty
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
mmcnulty@cozen.com

*Counsel for Plaintiffs*
*Par Pharmaceutical, Inc., Par Sterile*
*Products, LLC, and Endo Par Innovation*
*Company, LLC*

**SO ORDERED,** this _____ day of  _____, 2023.


_____
The Honorable Gregory B. Williams
United States Judge

## UNDERTAKING AND ACKNOWLEDGEMENT OF
## <u>PROTECTIVE ORDER</u>

I, _____ , hereby attest as follows:

1.      I understand that CONFIDENTIAL material may be disclosed to me under the

terms of the Protective Order attached to this Undertaking and Acknowledgement. I have a copy

of and have read the Order, and I agree to comply with and be bound by its terms. I also agree to

be subject to the jurisdiction of this Court for the purpose of enforcing this Order and this

agreement.

2.      I agree that I will not disclose to anyone else the CONFIDENTIAL L material

disclosed to me, nor discuss or describe the substance or content of such material, except as

provided in the Order, and that I will use such material only for the purposes of this litigation.

3.      I agree that I will not keep any CONFIDENTIAL material or copies of any such

material (including notes or other memoranda or writings containing or relating to such material)

except to the extent permitted by the Order, and, upon request, will destroy or return such

material to the attorneys who disclosed such material to me.

Dated: _____                    _____
                                         Signature

**NOTICE OF ELECTION TO ADOPT STIPULATED ORDER**
**ON PROTECTIVE ORDER**

      1.      _____, a non-party to the above-captioned litigation, has been requested and/or subpoenaed by a party to produce discovery containing Confidential Information in connection with the above-captioned litigation.

      2.      _____ hereby elects to adopt the terms of the Stipulated Protective Order (herein, the "Protective Order") with regard to its terms regarding production of Confidential Information.

      3.      The provisions of the Protective Order shall apply to all documents, things and other information produced by _____ as if such discovery were being provided by a party. _____ shall have the same rights and obligations under the Protective Order as held by the parties.

Dated: _____        _____
                                                                     Name

                                                                     _____
                                                                     Company